IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSIE COBB, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv675-ID |
| | )            (WO) |
| D.T. MARSHALL, individually and in his | ) |
| official capacity as Sheriff of Montgomery | ) |
| County, Alabama, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant D.T. Marshall's motion to dismiss.  (Doc. No. 4.)

Plaintiff Susie Cobb filed a response in opposition to the motion.  (Doc. No. 7.)  After

careful consideration of the arguments of counsel and the applicable law, the court finds that

Defendant's motion to dismiss is due to be granted as to some claims, but denied as to

others.  The court also on its own initiative shall require Plaintiff to replead some of her

claims.

**I.  JURISDICTION AND VENUE**

The court exercises subject matter jurisdiction over this case pursuant to 28 U.S.C.

§ 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

The parties do not contest personal jurisdiction or venue, and the court finds adequate

allegations of both.

## II.  STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true.  See United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff.  See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Braden v. Piggly Wiggly, 4 F. Supp.2d 1357, 1360 (M.D. Ala. 1998).  In 42 U.S.C. § 1983 actions, however, where government officials sued in their individual capacities may be entitled to qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements.  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (recognizing that, in the Eleventh Circuit, a complaint must be pleaded with "heightened specificity . . . in civil rights actions against public officials who may be entitled to qualified immunity").  In Oladeinde v. City of Birmingham, the Eleventh Circuit held that in cases where qualified immunity is

2

implicated, "some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." 963 F.2d 1481, 1485 (11th Cir. 1992). Accordingly, in determining whether a plaintiff has stated a § 1983 claim against a defendant in his or her individual capacity, courts must be "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." GJR Investments, 132 F.3d at 1367.

## III.  BACKGROUND

As alleged in the complaint, Plaintiff began employment as a correctional officer for the Montgomery County Sheriff's Department in August of 1996. Plaintiff contends that, during her employment, she has been subjected to unlawful employment discrimination by reason of her sex (hostile work environment sexual harassment) and her race and also has endured retaliation for opposing discrimination in the workplace. She predicates liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); the Fourteenth Amendment (equal protection), as enforced by 42 U.S.C. § 1983; and state law.

## IV.  DISCUSSION

Defendant asserts several grounds in support of his motion to dismiss. The court will address each argument in turn.

A.  Title VII:  Counts I, V and VI

In Counts I, V and VI, Plaintiff brings claims under Title VII.  Liberally construing the allegations in the complaint, the court finds that these three counts seek redress for hostile work environment sexual harassment (Count I), retaliation (Count V) and race discrimination (Count VI).  Defendant urges dismissal of Counts I, V and VI on procedural grounds and on the merits.

1.  Scope of the EEOC Charge

Defendant asserts that Count I of the complaint, which arises from allegations that Plaintiff's supervisor sexually harassed her, is due to be dismissed because it "exceed[s] the scope" of Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC").[1]  (Doc. No. 5 at 9-10.)  For the reasons to follow, the court agrees.

As a prerequisite to filing a lawsuit, a Title VII employee must exhaust his or her administrative remedies by timely filing a charge of discrimination with the EEOC.  See Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1332 (11th Cir. 2000) (citing 42

---

[1] The court notes that, in Count I, which Plaintiff has titled "sex discrimination," Plaintiff avers that Defendant "discriminated against [her] . . . by subjecting her to sexual harassment by not providing a policy that would prevent . . .  the making of comments and gestures of a nature that would not be toward a male employee[]," in violation of Title VII.  Although this count is devoid of any additional facts, it appears from other parts of the complaint that Plaintiff is alleging that her direct supervisor sexually harassed her (see, e.g., Compl. ¶ 12), and that the averments in Count II are included in an effort to negate any reliance by Defendant on the affirmative defense enunciated by the Supreme Court of the United States in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

4

U.S.C. § 2000e-5).  The EEOC charge must "contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'"  Id. (quoting 29 C.F.R. § 1601.12(a)(3)).  "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Id.  In the latter regard, the Eleventh Circuit has stated:  "As long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them."  Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) (citations omitted).  "Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate.  Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate."  Id.

The court begins by examining Plaintiff's EEOC charge.[2]  See Alexander, 207 F.3d at 1332 ("The starting point of ascertaining the permissible scope of a judicial complaint

---

[2] Defendant has attached Plaintiff's EEOC charge as an exhibit to his motion.  (See Ex. to Doc. No. 5.)  Although generally the court is limited to the face of the complaint in deciding a Rule 12(b)(6) motion to dismiss, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  Brooks v. Blue Cross & Blue Shield, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) ("This circuit has further held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'") (citation omitted).  Plaintiff's EEOC charge is central to Plaintiff's Title VII claims and is referenced in the complaint; thus, the court may consider it in rendering its decision.

alleging employment discrimination is the administrative charge and investigation.").  The
EEOC template charge which Plaintiff filed requested her to state the grounds upon which
the "discrimination [is] based" by checking the appropriate boxes.  (Ex. to Doc. No. 5.)
Plaintiff marked the boxes for "race" and "age" discrimination and "retaliation," but did not
check the box labeled "sex" discrimination.  (Id.)  Plaintiff also provided a typewritten
narrative statement with her charge, but that statement is devoid of any reference to sexual
harassment or sex discrimination.  (Id.)  In that statement, Plaintiff predicates her claims
upon her belief that "she ha[s] been discriminated against because of [her] race, Black, [her]
age, 67, and in retaliation for having filed a previous charge" and for testifying as a witness
for a co-employee who also "filed a charge" against Plaintiff's employer.  (Id.)  The narrative
statement does not allude to or even generally reference sex discrimination or sexual
harassment.

       The court finds that Plaintiff's allegations in Count I of the complaint, seeking redress
for sexual harassment pursuant to Title VII, are not reasonably related to the claims in her
EEOC charge for race discrimination, age discrimination and retaliation.  (Compl.
¶¶ 16-17); see Daniels v. Mobile Register, Inc., No. Civ. A. 04-0832-L, 2005 WL 1505856,
*11 (S.D. Ala. 2005) (finding that unexhausted claim for sexual harassment was "not
reasonably related to the EEOC charge alleging race discrimination").  Rather, the court
finds that the sexual harassment claim constitutes a "new act[]" of discrimination which
must be administratively exhausted before the EEOC.  Wu, 863 F.2d at 1547.

Consequently, the court finds that Plaintiff's Title VII sexual harassment claim in Count I is beyond the scope of her EEOC charge and is due to be dismissed.

Defendant raises the same argument concerning Plaintiff's race discrimination claim in Count VI (see Doc. No. 5 at 11), but the court is not persuaded that a sufficient basis for dismissal has been advanced under the liberal "reasonably related" standard.  Wu, 863 F.2d at 1547.  In the latter regard, therefore, Defendant's motion to dismiss is due to be denied.

### 2.  Verification of EEOC charges

Defendant argues that Plaintiff's Title VII claims should be dismissed due to Plaintiff's purported failure to verify her EEOC charge.  As Defendant correctly cites, the relevant EEOC regulations pertaining to a claimant's filing of an EEOC charge provide that a charge "shall be in writing and signed and shall be verified."  29 C.F.R. § 1601.9 (2007).  Defendant, however, incorrectly assumes that a "verified" charge only includes a sworn charge.  As set out in another EEOC regulation, which Defendant did not cite, "verified" means "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or *supported by an unsworn declaration in writing under penalty of perjury*."  29 C.F.R. § 1601.3(a) (2007) (emphasis added).

Here, Plaintiff signed her EEOC charge based upon her declaration "under penalty of perjury that the foregoing is true and correct."  (Ex. to Doc. No. 5.)  Although unsworn, the EEOC charge was submitted by Plaintiff under penalty of perjury.  As such, the court finds

that her declaration comports with the requirements of Title VII and the EEOC regulations concerning verification of charges and that Defendant's motion to dismiss on this ground is due to be denied.  See, e.g., E.E.O.C. v. Odd Fellows Home of Virginia, Inc., No. Civ. A. 6:04-CV-00046, 2005 WL 1950185, *2 (W.D. Va. 2005) (finding that an EEOC complainant who signs the lower left-hand portion of the EEOC template charge, which reads, "I declare under penalty of perjury that the above is true and correct," fulfills Title VII's requirement that a charge be verified).

### 3.  Requirement of Naming Parties in the EEOC Charge

Defendant also moves to dismiss Plaintiff's Title VII claims because the Montgomery County Sheriff's Department, not Defendant, was named as the respondent in the EEOC charge.  (Doc. No. 5 at 12).  In general, a party not named as a respondent in an EEOC charge "cannot be sued in a subsequent civil action."  Virgo v. Riviera Assocs. Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994).  The purposes of this general rule are twofold, namely, to provide notice to the charged party and to give the charged party "an opportunity to participate in conciliation and voluntary comply with the requirements of Title VII."  Id. The rule, however, is subject to exception where these purposes are fulfilled as to the unnamed party.  See id.

Here, the court finds that Defendant, in his capacity as the Sheriff of Montgomery County, has substantially the same identity as the Montgomery County Sheriff's Department. As such and absent any indication to the contrary, the court concludes that it is reasonable to

assume that Defendant had notice of Plaintiff's charge and that the above purposes were fulfilled.  See Frazier v. Smith, 12 F. Supp.2d 1362, 1369 (S.D. Ga. 1998) (where only the Camden County Sheriff's Department was named in the EEOC charge, the court declined to dismiss the Camden County Sheriff as a defendant because "surely [he] would have received notice of such a claim").  Accordingly, at present, the court can discern no reason why it should dismiss the Title VII claims for failure of Plaintiff to name Defendant in the EEOC charge.

### 4.  Title VII and Individual-Capacity Claims

Defendant contends that Plaintiff's Title VII claims against him in his individual capacity are due to be dismissed.  (Doc. No. 5 at 8.)  The court agrees.

It is well established in this circuit that Title VII does not impose individual liability. A plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity.  See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacity suits under Title VII are . . . inappropriate"); see also Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the Busby holding in an action brought after the 1991 amendments to Title VII; holding that liability under Title VII is limited to official-capacity actions). Accordingly, the court finds that Plaintiff's Title VII claims against Defendant in his individual capacity are due to be dismissed.

*5.  Failure to State a Claim*

Defendant asserts that Plaintiff's Title VII claims in Counts V and VI are due to be dismissed for failure to state a claim.  (Doc. No. 5 at 5-7.)  In the employment discrimination context, a Title VII complaint is not subject to a Rule 12(b)(6) dismissal merely because it fails to allege all of the facts needed to support a prima facie case of discrimination.  See Swierkiewicz v. Sorema, 534 U.S. 506, 511 (2002) (holding that the prima facie evidentiary standard which applies in Title VII employment discrimination cases is not the standard by which a complaint is measured under Rule 8(a)).  Rule 8(a)'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Id. at 512.

Defendant objects to the lack of factual detail in Plaintiff's complaint, including the absence of specific dates.  Admittedly, the allegations are not a model of clarity, as they are, in some regards, notably sparse and disorganized.  Plaintiff, however, has alleged that she filed an EEOC charge and provided favorable testimony in support of a co-worker's claim "against the department" and that, a result of these activities, she was subjected to various forms of retaliation, including the denial of a request for leave, all in violation of Title VII.  (Compl. ¶¶ 7, 11, 28.)  Plaintiff, who is an African-American female, also has pleaded that she was disciplined more harshly than other similarly-situated Caucasian employees and was denied certain benefits which other similarly-situated Caucasian employees received.  (Id. ¶¶ 31-32.)  The court finds that these averments are sufficient to constitute "a short and

10

plain statement" of her Title VII claims for retaliation and race discrimination.  Fed. R. Civ.

P. 8(a).  Defendant's motion to dismiss Counts V and VI for failure to state a claim,

therefore, is due to be denied.


### B.  42 U.S.C. § 1983:  Count II

### 1.  Eleventh Amendment Immunity

Defendant contends that Plaintiff's 42 U.S.C. § 1983 ("§ 1983") equal protection

claim (Count II) is due to be dismissed against Defendant in his official capacity based on

the Eleventh Amendment and for the additional reason that he is not a "person" within the

meaning of § 1983.  (See Doc. No. 5 at 15.)  Defendant is correct on both points as to

Plaintiff's § 1983 claim against him in his official capacity for money damages, and Plaintiff

appears to concede as much.  (Doc. No. 7 at 8.)

First, the Eleventh Amendment unequivocally bars suits for money damages against a

state by the citizens of that state, see Florida Association of Rehabilitation Facilities, Inc. v.

State of Florida Department of Health and Rehabilitative Services, 225 F.3d 1208, 1214,

1219 (11th Cir. 2000) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)), unless the state

waives its Eleventh Amendment immunity or Congress abrogates said immunity.  See Carr

v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990).  Congress has not abrogated

Eleventh Amendment immunity in § 1983 cases, nor has the State of Alabama consented to

suit.  See id. at 1525.  Eleventh Amendment immunity also extends to state officials sued in

their official capacities when, for all practical purposes, "'the state is the real, substantial

party in interest.'"  Id. at 1524 (quoting Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 101 (1984)).  Where an award of damages would be paid by the state, "the state is considered the real party in interest."  Id.  As the Sheriff of Montgomery County, Defendant is a state official, see Turquitt v. Jefferson County, 137 F.3d 1285, 1288 (11th Cir. 1998), and, thus, by virtue of the Eleventh Amendment is shielded from suit as to all monetary claims asserted against him in his official capacity.  Second, because a suit for money damages against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office," Defendant also is not considered a "person" within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989).  Consequently, the court finds that Defendant's motion to dismiss Plaintiff's § 1983 claim in Count II against Defendant in his official capacity for money damages is due to be granted.

In addition to monetary relief, Plaintiff seeks declaratory and injunctive relief.  "[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  Id. at 71 n.10.  Likewise, the Eleventh Amendment is not a bar to an official-capacity claim for prospective relief.  See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Boyett v. Troy State Univ. at Montgomery, 971 F. Supp. 1403, 1411 (M.D. Ala. 1997) ("State agents in their official capacities . . . may be properly subject to prospective injunctive relief under § 1983 because such actions are not treated as actions against the State and are not barred by the Eleventh Amendment.") (citing Cross v.

12

<u>Alabama</u>, 49 F.3d 1490, 1503 (11th Cir. 1995)).  Accordingly, to the extent that Defendant is requesting the court to dismiss the § 1983 claim against him in his official capacity for injunctive relief, the motion is due to be denied.

Finally, as set out in Plaintiff's prayer for relief, Plaintiff also seeks a declaration from the court that Defendant's conduct "violated" her rights.  (Compl. at 7.)  In <u>*Ex parte*</u> <u>Young</u>, 209 U.S. 123 (1908), the Supreme Court held that Eleventh Amendment immunity does not extend to suits against state officers seeking prospective equitable relief to end continuing violations of federal law.  <u>See</u> <u>Florida Ass'n of Rehabilitation Facilities</u>, 225 F.3d at 1219.  <u>*Ex parte* Young</u>, though, does not apply when the declaratory relief pertains only to past violations of federal law.  <u>See</u> <u>Green v. Mansour</u>, 474 U.S. 64, 73 (1985) (holding that the Eleventh Amendment barred a claim for declaratory relief because issuance of such a judgment would have had "much the same effect as a full-fledged award of damages or restitution by the federal court"); <u>see</u> <u>also</u> <u>Summit Medical Assoc., P.C. v. Pryor</u>, 180 F.3d 1326, 1337 (11th Cir. 1999) ("a plaintiff may not use the [<u>*Ex parte* Young</u>] doctrine to adjudicate the legality of past conduct").  The issuance of a declaratory judgment against Defendant in his official capacity declaring that, by his past actions, Defendant violated Plaintiff's equal protection rights would serve no purpose other than to validate or authorize an award of monetary damages.  Accordingly, the court finds that Defendant's motion to dismiss is due to be granted as to Plaintiff's § 1983 prayer for declaratory relief which relates solely to purported past violations of law by Defendant in his official capacity.

*2. Qualified Immunity*

Defendant invokes qualified immunity as a defense to Plaintiff's § 1983 equal protection claim against him in his individual capacity.  (Doc. No. 5 at 15-16.)  Defendant asserts that the complaint fails to satisfy the heightened pleading requirements in § 1983 actions where, as here, qualified immunity is available as a defense.[3]  See Magluta, 256 F.3d at 1284; GJR Investments, Inc., 132 F.3d at 1367.  The court agrees that the complaint's allegations are woefully deficient under the governing pleading standards, but declines at present to dismiss Count II.

As representative of the pleading deficiencies,[4] the court observes that, in Count II, Plaintiff merely incorporates the facts by reference to all of the preceding facts (see Compl. ¶ 18), without identifying which facts are relevant to and form the basis of the § 1983 claim. See Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm., 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint where each count adopted the allegations of all preceding counts as an impermissible "shotgun pleading").  There are virtually no facts set out in Count II, only conclusory averments.  In Count II, Plaintiff states that Defendant's "actions" and the "acts"

---

[3] The doctrine of qualified immunity generally shields government officials performing discretionary functions from civil liability when their conduct does not violate clearly established constitutional rights which a reasonable person would have known. See Hope v. Pelzer, 536 U.S. 730, 739-41 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To survive a motion to dismiss on qualified immunity grounds, the complaint must comply with "the heightened pleading requirements" in that the facts must contain "'some specificity.'"  Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003).

[4] The court's examples should not be interpreted as being exhaustive.

14

of Defendant's subordinate were "intolerable" and attributable to Defendant, but Plaintiff

does not describe these "actions" and "acts" or otherwise provide a hint as to how these

"actions" and "acts" violated the Equal Protection Clause of the Fourteenth Amendment.[5]

The court, though, declines to grant Defendant's motion to dismiss at this time.

If a defendant needs more information to answer a complaint, the proper response is

for that defendant to move for a more definite statement under Rule 12(e) of the Federal

Rules of Civil Procedure.  See Swierkiewicz, 534 U.S. at 514; see also Anderson, 77 F.3d

at 366 (a defendant faced with an incomprehensible complaint "is not expected to frame a

responsive pleading," but "is expected to move the court, pursuant to Rule 12(e), to require

the plaintiff to file a more definite statement").  Although Defendant did not expressly

request the remedy available to him under Rule 12(e), the court has the "inherent authority"

to act on its own and *sua sponte* direct a plaintiff to replead a complaint.  Fikes v. City of

Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

In this case, the court finds that the proper remedy is to "call[] [Plaintiff's] counsel to

task" and direct counsel to remedy the deficient § 1983 count.  Id. at 1084; see also Magluta,

256 F.3d at 1284-85 (reversing district court's judgment dismissing complaint and

remanding to permit plaintiff to replead claims in shotgun complaint); LaFleur v. Wallace

State Cmty. College, 955 F. Supp. 1406, 1420 (M.D. Ala. 1996) ("Generally, to remedy

deficient pleadings in § 1983 actions, courts grant a plaintiff leave to amend the complaint

---

[5] The court notes that the Fourteenth Amendment is not even cited in the complaint.

. . . rather than dismiss the cause of action.").  Accordingly, based on the foregoing, the court will grant Plaintiff leave to amend her complaint to allege more specific facts in Count II.  Plaintiff is forewarned, however, that if only conclusory allegations are provided, the court will entertain and grant a motion to dismiss, if filed.

### C.  State Law Claims:  Counts III and IV

Defendant contends that, in both his individual and official capacities, he is entitled to immunity for the claims premised on purported violations of state law.  (Doc. No. 5 at 18, 20.)  For the reasons to follow, the court agrees.

In Counts III and IV of her complaint, Plaintiff brings state law claims for negligent supervision and invasion of privacy against Defendant in his individual and official capacities.  (Compl. ¶¶ 21-26.)  Because Defendant is a state official, the state law claims asserted against him in his official capacity are barred by the Eleventh Amendment to the United States Constitution.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429-30 (11th Cir. 1997); see also Morris v. Wallace Cmty. College-Selma, 125 F. Supp.2d 1315, 1344 (S.D. Ala. 2001), aff'd without op., 34 Fed. Appx. 388, 2002 WL 518045 (11th Cir. 2002) (state officials sued in their official capacities in federal court for violations of state law are absolutely immune from suit pursuant to the Eleventh Amendment) (citing Pennhurst, 465 U.S. at 104-06).

As to the individual-capacity claims, relying on Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996), Defendant argues that he is absolutely immune from suit pursuant to Article I,

16

Section 14, of the Alabama Constitution.  (Doc. No. 5 at 18-19, 20.)  The court agrees, notwithstanding Plaintiff's protestations to the contrary.  (Doc. No. 7 at 10.)  In Tinney, applying Alabama law, the Eleventh Circuit held that Article I, Section 14, of the Alabama Constitution of 1901 provides sovereign immunity to state constitutional officers.[6]  See Tinney, 77 F.3d at 383.  Section 14's grant of immunity protects constitutional officers sued in their individual and official capacities.  See id. at 383 n.4.  The only exception is when a plaintiff seeks to enjoin a constitutional officer's conduct.  See id. at 383.  Thus, in Tinney, where a sheriff and his deputy were sued for monetary damages under state law for trespass and conversion, the court held that, "in their official capacities and individually, [they] are absolutely immune from suit when the action is, in effect, one against the state."  Id. at 380, 383 & n.3 (citing Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989)).

Although a later panel of the Eleventh Circuit noted that "[s]ome of the language in Tinney is confusing," it held that Tinney was binding and that its holding was clear: "[U]nder Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity," now called State immunity.  McMillian v. Johnson, 101 F.3d 1363, 1365 (11th Cir. 1996).  The McMillian court also made clear that the wall of Section 14 immunity is impenetrable even in the face of allegations that the state constitutional officer acted maliciously and intentionally.  See id. at 1364-65.  The Eleventh

---

[6] Section 14 provides:  "That the State of Alabama shall never be made a defendant in any court of law or equity."  Ala. Const. of 1901, Art. 1, § 14.  The court notes that the doctrine of "sovereign immunity" now is called  "State immunity."  See Ex parte Haralson, 853 So.2d 928, 930 n.1 (Ala. 2003).  The new label of "State immunity" is merely one of form, not substance.

Circuit concluded:  "We are bound to follow <u>Tinney</u>, and do so."  <u>Id.</u> at 1365.  Two years

later, in <u>Sheth v. Webster</u>, the Eleventh Circuit again observed that, "[i]n <u>Tinney v. Shores</u>,

this court concluded that, under Alabama law, a claim of state 'sovereign' immunity (Article

I Section 14) by state constitutional officers is an immunity from suit."  145 F.3d 1231, 1237

(11th Cir. 1998) (citing <u>Tinney</u>, 77 F.3d at 378); <u>see</u> <u>also</u> <u>Newsome v. Lee County, Ala.</u>, 431

F. Supp.2d 1189, 1207 n.11 (M.D. Ala. 2006) (noting that "it does appear that Alabama

courts are attempting to clarify this area of the law and to ameliorate the often harsh

outcome that results when sheriffs and their deputies are immunized from malicious and

intentional conduct," but concluding that "these decisions have not contained sufficient

clarity to justify this Court's departure from the established position of the Eleventh Circuit,"

in <u>Tinney</u>, *supra*, and its progeny).

The instant case involves state law claims for monetary damages against an

individual who at the time of alleged wrongdoings was acting in his capacity as a

constitutional officer for the State of Alabama.  Plaintiff is not seeking injunctive relief on

the state law claims.  (<u>See</u> Compl. at 7 ("Prayer for Relief").)  The holding in <u>Tinney</u>,

therefore, applies, and Defendant is entitled to State immunity as to the state law claims

against him in his individual capacity.  In sum, the court finds that Defendant is fully

shielded, in both his individual and official capacities, from liability by § 14 absolute

immunity, to which there is no applicable exception.  Accordingly, the court finds that

Defendant's motion to dismiss Counts III and IV be and the same is hereby GRANTED.

18

## V.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant's motion to dismiss be and the same is hereby GRANTED to the following extent:

(1)  Plaintiff's Title VII claim in Count I be and the same is hereby DISMISSED for failure of Plaintiff to exhaust her Title VII administrative remedies;

(2)  Plaintiff's Title VII claims in Counts V and VI against Defendant in his individual capacity be and the same are hereby DISMISSED;

(3)  Plaintiff's 42 U.S.C. § 1983 claim in Count II against Defendant in his official capacity for money damages be and the same is hereby DISMISSED;

(4)  Plaintiff's prayer for declaratory relief pursuant to 42 U.S.C. § 1983 (Count II), which relates solely to alleged past violations of constitutional law by Defendant in his official capacity, be and the same is hereby DISMISSED; and

(5) Plaintiff's state law claims in Counts III and IV be and the same are hereby DISMISSED.

It is further CONSIDERED and ORDERED that Defendant's motion to dismiss be and the same is hereby otherwise DENIED.

It is further CONSIDERED and ORDERED that Plaintiff is PERMITTED until March 26, 2007, to file an amended complaint which complies with the pleading requirements applicable to 42 U.S.C. § 1983.  Any amended complaint shall be filed consistent with the directives herein and shall comply with this District's local rules for the filing of amendments.  See M.D. ALA. L.R. 15.1 ("Any amendment to a pleading, whether

19

filed as a matter of course or upon a motion to amend, must, except by leave of court,

reproduce the entire pleading as amended, and may not incorporate any prior pleading by

reference.").

DONE this 14th day of March, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE