IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSIE COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv675-ID |
| | )              (WO) |
| D.T. MARSHALL, individually and in his | ) |
| official capacity as Sheriff of Montgomery | ) |
| County, Alabama, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil rights lawsuit is before the court once again on a Rule 12(b)(6) motion. (Doc. No. 11.) In a prior memorandum opinion and order entered in this case, reported at Cobb v. Marshall ("Cobb I"), 481 F. Supp.2d 1248 (M.D. Ala. 2007), the court scrutinized Plaintiff Susie Cobb's ("Plaintiff") original complaint upon the Rule 12(b)(6) motion filed by Defendant D.T. Marshall ("Defendant"). See Fed. R. Civ. P. 12(b)(6). In Cobb I, the court dismissed some claims and required Plaintiff to replead others. In response to the court's rulings in Cobb I, Plaintiff filed an amended complaint. (Doc. No. 9.) Defendant moves to dismiss Plaintiff's amended complaint. (Doc. No. 11.) The motion is opposed by Plaintiff. (Doc. No. 14.) For the reasons to follow, the court finds that Defendant's motion is due to be granted.

## I.  STANDARD OF REVIEW

In Cobb I, the court set out the standard of review applicable to Rule 12(b)(6) motions to dismiss, as well as the heightened pleading requirements applicable in 42 U.S.C. § 1983 actions when qualified immunity is at issue.  See 481 F. Supp.2d at 1253; see also Epps v. Watson, Slip Op. No. 06-13378, ___ F.3d ___, 2007 WL 2043851, *4 (11th Cir. July 18, 2007) (reiterating that the Eleventh Circuit "imposes a heightened pleading requirement in section 1983 claims against individuals") (citing GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998)).

## II.  THE AMENDED COMPLAINT

An amended complaint supersedes the original complaint.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'"); Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991) (observing that "an amended complaint ordinarily supersedes the original and renders it of no legal effect") (quotation omitted). Plaintiff's amended complaint, filed on March 26, 2007, thus, is the controlling pleading. It contains four counts and seeks relief for employment discrimination allegedly endured by Plaintiff during her employment as a correctional officer with the Montgomery County, Alabama, Sheriff's Department.  Count I alleges sex discrimination in violation of Title VII.  (Am. Compl. ¶ 17 (Doc. No. 9).)  Count II is a 42 U.S.C. § 1983 equal

protection claim. (Id. ¶¶ 18-29.) Counts III and IV assert state-law claims. (Id. ¶¶ 30-36.) The sole Defendant is D. T. Marshall, Sheriff of Montgomery County, Alabama, and Plaintiff brings her claims against him "individually" and "officially." (Id. ¶ 5.) As relief, Plaintiff requests a declaratory judgment, an injunction, compensatory damages, punitive damages, costs and attorney's fees. (Id. at 7.)

### III. DISCUSSION

#### A. Counts I, III and IV

Urging dismissal of Counts I, III and IV of the amended complaint, Defendant asserts that, in Cobb I, the court dismissed these same three claims which were in the original complaint. Defendant is correct that Plaintiff has reasserted previously-dismissed claims in her amended complaint. She, however, has not proffered any reason why the court should permit her to do so. For instance, she has not shown the existence of an intervening change of law or the need to correct a clear error which resulted in manifest injustice. Cf. Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 684 (M. D. Fla. 1996) (setting forth grounds which warrant reconsideration of an order). Counts I, III and IV, therefore, are due to be dismissed for the reasons previously espoused in Cobb I.

B.  Count II

Count II warrants more discussion.  Plaintiff labels Count II a "Section 1983 – Equal Protection" claim.  (Am. Compl. at 4 (Doc. No. 9).)  The precise contours of this 42 U.S.C. § 1983 claim are unclear, but the court's attempt to decipher the averments is set out below.  As stated, Plaintiff brings this claim against Defendant in his individual and official capacities.  (See id. ¶ 5.)  Defendant has moved for dismissal of Count II in full.

*1. Official-Capacity Claim*

In Cobb I, the court dismissed the § 1983 official-capacity claim against Defendant for money damages and for declaratory relief.  See 481 F. Supp.2d at 1257-58.  The court, however, ruled that, "to the extent that Defendant is requesting the court to dismiss the § 1983 claim against him in his official capacity for injunctive relief, the motion is due to be denied."  Id. at 1258.

Defendant raises two arguments for dismissal of the § 1983 official-capacity claim in Count II of the amended complaint.  First, Defendant points out that, notwithstanding that the court previously dismissed Plaintiff's request for declaratory relief against Defendant in his official capacity, Plaintiff has reasserted her prayer for declaratory relief.  (Doc. No. 12 at 6.)  Again, Plaintiff has provided no explanation for reviving a previously-dismissed claim.  For the reasons asserted in Cobb I, the court finds that the declaratory relief which Plaintiff requests would serve no purpose other than to authorize an award of money damages.  See Cobb I, 481 F. Supp.2d at 1258.  The declaratory

relief, therefore, is barred by the Eleventh Amendment and is due to be dismissed. See id.

Second, Defendant argues for the first time that Plaintiff's prayer for injunctive relief against him in his official-capacity is due to be dismissed on standing and mootness grounds because Plaintiff "recently retired . . . and is no longer employed by Sheriff Marshall."[1] (Doc. No. 12 at 6.) In her response to the pending motion to dismiss, Plaintiff did not object to Defendant's contention concerning her employment status, (Doc. No. 14), and, notably, in the amended complaint, Plaintiff chose the past tense to describe her employment. (See Am. Compl. ¶ 4.)

The court agrees with Defendant that the facts fail to demonstrate how Plaintiff would benefit from the requested relief or why an injunction would be necessary to protect her from future discrimination in the workplace, given that she no longer works for Defendant. The court need not decide whether Plaintiff's asserted right to injunctive relief should be analyzed as an issue of standing. Assuming *arguendo* without deciding that initially in this lawsuit Plaintiff had standing to pursue injunctive relief, the issue of injunctive relief now is moot. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 14-17 (1st Cir. 2004) (explaining that "[t]he distinction between standing and mootness is not always easily grasped" and declining to decide whether the district court erred in finding

---

[1] Plaintiff moves the court to "enjoin the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the . . . Equal Protection Clause." (Am. Compl. at 7 (Doc. No. 9).) She has not requested reinstatement.

that the plaintiff lacked standing to obtain equitable relief because it was clear that "the issue had become moot by the time the district court made its ruling"). Stated another way, the relief simply is not necessary because Plaintiff does not face any threat of future workplace discrimination from Defendant. See Rau v. Apple-Rio Management Co., Inc., 85 F. Supp.2d 1344, 1352 (N.D. Ga. 1999) (denying injunctive request to prohibit past employer from engaging in future discrimination because, absent a request for reinstatement, the relief was "unnecessary" and would not "personally benefit" former employee), aff'd without op., 251 F. 3d 161 (11th Cir. 2001). Accordingly, the court finds that Plaintiff's request for injunctive relief in Count II against Defendant in his official capacity is due to be dismissed.

*2. Individual-Capacity Claim*

Turning to the § 1983 individual-capacity claim against Defendant, in Cobb I, the court denied Defendant's motion to dismiss which was based upon the defense of qualified immunity. The court agreed with Defendant that the complaint did not satisfy the applicable pleading standard, see Cobb I, 481 F. Supp.2d at 1259, but in lieu of dismissal, the court granted Plaintiff "leave to amend her complaint to allege more specific facts in Count II." Id. at 1259-60. The court, however, "forewarned" Plaintiff "that if only conclusory allegations [were] provided, the court [would] entertain and grant a motion to dismiss, if filed." Id. at 1260.

Defendant again invokes qualified immunity as a ground for dismissal of the § 1983 individual-capacity claim against him for money damages. Defendant asserts that Plaintiff has not alleged personal involvement by him in the acts complained of, that government officials cannot be subject to liability under a theory of *respondeat superior*, and that Plaintiff's conclusory allegations that Defendant "authorized, ratified and[/]or condoned" the acts of his subordinate do not meet the heightened pleading standard applicable when qualified immunity is at stake. (Doc. No. 12 at 8-10.)

The doctrine of qualified immunity generally shields government officials performing discretionary functions from civil liability when their conduct does not violate clearly-established constitutional rights which a reasonable person would have known. See Hope v. Pelzer, 536 U.S. 730, 739-41 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For present purposes, the qualified immunity is twofold. As a "threshold question," the court asks, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show [the government official's] conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If under Plaintiff's version of the facts, her constitutional rights would have been violated, the court must determine whether those rights were "clearly established." Id. As discussed in Cobb I, in § 1983 actions where government officials sued in their individual capacities may be entitled to qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. GJR Investments, Inc., 132 F.3d at 1367. Epps, *supra*, confirms that

heightened pleading remains the law in the Eleventh Circuit.  See Epps, ___ F.3d at ___, 2007 WL 2043851, *2.

Count II, paragraph 29, comprises the sum of Plaintiff's allegations against Defendant.  In paragraph 29, Plaintiff does not predicate liability against Defendant based upon his personal participation in the underlying alleged unconstitutional acts.  (Am. Compl. ¶ 29); see Braddy v. Florida Dept. of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998) (§ 1983 supervisory liability attaches upon a demonstration of defendant's personal participation in the alleged unconstitutional conduct).  Plaintiff, however, asserts two alternate bases for supervisor liability.  First, Plaintiff alleges that Defendant is liable because his "agent" committed the alleged constitutional violations "within the scope of his employment."  (Am. Compl. ¶ 29.)  This assertion, however, is nothing more than an attempt to impose liability on Defendant on the basis of *respondeat superior*, but "[t]he problem for [Plaintiff] is that there is no *respondeat superior* liability for a § 1983 claim."  Farrow v. West, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003)

Second, Plaintiff alleges that Defendant is liable for the acts of his subordinate because he (Defendant) "authorized, ratified and[/]or condoned" the alleged unlawful conduct.  (Am. Compl. ¶ 29.)  The causal link for supervisory liability can be demonstrated where a government policymaking official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982); Rogan v. Menino, 175 F.3d 75, 78 (1st Cir. 1999) (holding that to allege a viable § 1983 supervisory liability

claim, the plaintiff "needed to depict a scenario that would permit a fact-based inference that [the supervisors] were guilty of 'conduct that amount[ed] to condonation or tacit authorization' of wrongdoing") (citation omitted); cf. Hill v. Clifton, 74 F.3d 1150 (11th Cir. 1996) (holding that a city may be held responsible under § 1983 where the authorized policymakers "approve a subordinate's decision and the basis for it").

Here, Plaintiff brings Defendant into federal court and asks this court to permit her to go forward on her claim and to hold Defendant personally liable for money damages based upon three words: "authorized, ratified and[/]or condoned." (Am. Compl. ¶ 29.) Plaintiff, however, has failed to allege any facts whatsoever to support these broad and sweeping averments. The court agrees with Defendant that the terms "authorized," "ratified" and "condoned" are boilerplate and nonspecific and are insufficient to establish supervisory liability. The heightened pleading requirements do not permit Plaintiff to build her case on such shoddy grounds. See, e.g., Dalrymple v. Reno, 334 F.3d 991, 996-97 (11th Cir. 2003) (complaint's allegations that supervisor "knew and intended that the constitutional violations by the line duty officers would occur" were "vague and conclusory" and, absent supporting facts, could not establish § 1983 supervisory liability under heightened pleading requirement in qualified immunity cases); Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (complaint's allegations that supervisory defendants "personally directed," "caused," "had actual knowledge of," and "agreed to, and approved of, and acquiesced in" a raid were "vague and conclusory" and did not establish supervisory liability under heightened pleading rules).

9

Not only are these allegations insufficient under the heightened pleading rules, but they also fail to pass muster under Rule 8(a)(2)'s relaxed notice pleading standard.  See Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007) (elucidating that under Rule 8(a)(2) "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Under Rule 8(a)(2), the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id. (quoting Papasan, 478 U.S. at 286); see also Oxford Asset Mgmt. Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").  Plaintiff's amended complaint requires an indulgence in pure speculation as to how Defendant acquiesced in or ratified the alleged infringing unconstitutional conduct.  The facts simply are insufficient to "raise a right to relief above the speculative level."[2]  Bell Atlantic Corp., ___ U.S. at ___, 127 S.Ct. at 1965; see generally Rogan, 175 F.3d at 77-78 (affirming dismissal of § 1983 individual-capacity claims against supervisors based upon conclusory allegations of supervisory liability).

Defendant also contends that another obstacle which Plaintiff fails to hurdle is the requirement that she plead with specificity an underlying constitutional violation.  (Doc.

---

[2] The failure of Plaintiff to comply with Rule 8(a)(2) in pleading her § 1983 equal protection claim provides an additional and independent justification for dismissal of the § 1983 official-capacity claim.

No. 12 at 9-10); see Thomas v. City of Clanton, 285 F. Supp.2d 1275, 1280 (M.D. Ala. 2003) (Thompson, J.) (§ 1983 supervisory liability "must be predicated upon a finding of an underlying constitutional violation") (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  The court agrees with Defendant that the pleading deficiencies surrounding the alleged underlying infringing conduct further amplify the conclusory and speculative nature of Plaintiff's averments of supervisory liability.

For example, it appears that Plaintiff is complaining of conduct by her direct supervisor, but it is unclear from her disjointed averments how she contends that he violated her equal protection rights.  No express theory is averred in Count II.[3]  Paragraph 25 in Count II, at best, inferentially alleges that Plaintiff was subjected to retaliation in the form of a "hostile work environment," presumably by her direct supervisor, because she had opposed various forms of discrimination in the workplace.  (Am. Compl. ¶ 25.)  As aptly pointed out by Defendant, however, Watkins v. Bowden forecloses an equal protection claim predicated on allegations of retaliation.  See 105 F.3d 1344, 1355 (11th Cir. 1997) (holding that "[a] pure or generic retaliation claim, however, simply does not implicate the Equal Protection Clause").

Moreover, in paragraph 26, Plaintiff alleges that, in the presence of other employees, her direct supervisor asked "her personal questions about herself" and "made

---

[3] In the "Jurisdiction" section of her amended complaint, Plaintiff expressly states that in this lawsuit she is seeking redress for "sex discrimination and retaliation." (Am. Compl. ¶ 1.)  Count I clearly encompasses a Title VII sex discrimination claim, but that claim is no longer a part of this lawsuit.

11

constant references to her retirement plans and the procedures that her work[er's] compensation doctor performed on her." (Am. Compl. ¶ 26.) The reasonable inference is that Plaintiff has stated these averments as factual support for her claim that her supervisor retaliated against her by subjecting her to a hostile work environment. However, assuming *arguendo* that the court is incorrect as to the reasonable and favorable inferences to be accorded these allegations and that Plaintiff is attempting to allege an equal protection claim based upon her constitutional right to be free from "sexual harassment in public employment," Cross v. State of Alabama, 49 F.3d 1490, 1507 (11th Cir. 1995), her averments nonetheless are insufficient.[4]

Plaintiff alleges that Jackson's inquiries, recited above, made her "uncomfortable." (Am. Compl. ¶ 26.) She, however, has not provided any detail regarding the content of the personal questions or references to her medical condition and retirement plans such that it can be inferred that her direct supervisor made these probes based upon Plaintiff's membership in a group which is protected by the Equal Protection Clause. See Taylor v.

---

[4] The court believes that this inference is too strained, but Defendant nonetheless suggests this inference. The court simply is not obligated to credit unreasonable or speculative inferences, only reasonable inferences. Cf. Rogan, 175 F.3d at 77 (although the court "give[s] credence to all well-pleaded facts and indulge[s] all reasonable inferences that fit the plaintiff's stated theory of liability," the court "stop[s] short . . . of 'swallow[ing] the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited'"). Similarly, it is noteworthy that "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993); see also Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (when examining the sufficiency of the complaint under Rule 12(b)(6), "court need not conjure up unpled allegations or contrive elaborately arcane scripts").

Alabama, 95 F. Supp.2d 1297, 1314 (M.D. Ala. 2000). Plaintiff has failed to explain how the probes allegedly made by her supervisor evince the requisite sexual connotation. See Mendoza v. Borden, Inc., 195 F.3d 1238, 1247-48 (11th Cir. 1999) (citing, among other cases, Brill v. Lante Corp., 119 F.3d 1266, 1274 (7th Cir. 1997), which rejected plaintiff's attempt to support a hostile-environment sexual-harassment claim with evidence of unpleasant, but non-sexual, conduct). Moreover, the facts alleged do not come close to suggesting harassment which meets the "severe or pervasive" threshold element. See Mendoza, 195 F.3d at 1245 (setting forth the elements of a Title VII hostile-environment sexual-harassment claim); Watkins, 105 F.3d at 1355 & n.19 (noting that the traditional Title VII elements of a hostile-environment sexual-harassment claim apply to sexual harassment claims brought under the Equal Protection Clause); (see Am. Compl. ¶¶ 12, 26.) Viewed as a whole, the alleged harassment is not even as serious as the conduct at issue in Mendoza, 195 F.3d at 1247, which the Eleventh Circuit concluded was *not* objectively severe or pervasive. Again, heightened pleading is required, and the court finds that the allegations are deficient under that standard.[5] See Taylor, 95 F. Supp.2d at 1314-15 (finding that plaintiff failed to comply with heightened pleading in alleging her Fourteenth Amendment equal protection hostile-environment sexual-

---

[5] Similarly, to the extent that the amended complaint could be construed as alleging that Plaintiff's supervisor violated Plaintiff's right to be free from intentional discrimination based upon race, (see Am. Compl ¶¶ 20, 27 & footnote 4, *supra*), among other deficiencies, there are no averments that Plaintiff was subjected to any treatment which rises to the level of an adverse employment action. See Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1268 (11th Cir. 2003).

harassment claim as it was "impossible" to ascertain whether the acts complained of were sex-based and reached "'the minimum level of severity or pervasiveness necessary for harassing conduct to constitute discrimination'") (citing Mendoza, 195 F.3d at 1246).

In sum, the court finds that the allegations which attempt to impose § 1983 supervisory liability on Defendant are boilerplate. Plaintiff simply cannot satisfy her burden by relying on "vague" and "conclusory" allegations. GJR Invs., Inc., 132 F.3d at 1367; see also Bell Atlantic Corp., ___ U.S. at ___, 127 S.Ct. at 1964-65. The court has given Plaintiff an opportunity to provide some factual detail in support of her § 1983 supervisory liability claim against Defendant. Neither in the amended complaint nor in her response to Defendant's motion to dismiss the amended complaint, however, has Plaintiff made any attempt to flesh out her claim with some facts.[6] Accordingly, the court finds that Plaintiff has failed to plead a § 1983 Fourteenth Amendment equal protection claim against Defendant in his individual capacity. Because Plaintiff has failed to allege that Defendant violated her constitutional rights, the court finds that Defendant is entitled

---

[6] Quite frankly, Plaintiff's brief provides more confusion than clarification. In her brief, Plaintiff asserts that it can be "inferred" from the allegations that Defendant violated Plaintiff's "First Amendment Right of freedom of association," (Doc. No. 14 at 2), but this is the first time the First Amendment has surfaced, and its appearance is unexplained by Plaintiff. Nowhere in the complaint or the amended complaint has Plaintiff referenced the First Amendment or any of its provisions. The amended complaint simply does not state such a claim. Plaintiff also asserts that the law is "clearly established" that Title VII forbids discrimination "in any aspect of employment" so as to strip Defendant of qualified immunity. (Doc. No. 14 at 3.) Plaintiff, though, cannot use 42 U.S.C. § 1983 as a vehicle to enforce a right created by Title VII. See Scott v. Estes, 60 F. Supp.2d 1260, 1268-69 (M.D. Ala. 1999) (finding that a § 1983 claim cannot be "based on a deprivation of rights created solely by Title VII."); see also Johnson v. Knupp, 2000 WL 1238976, *2 (M.D. Fla. 2000).

to qualified immunity under the first Saucier step of the qualified immunity analysis.[7] See Saucier, 533 U.S. at 201.  As forewarned by the court in Cobb I, Plaintiff's § 1983 equal protection claim against Defendant shall be dismissed.  The dismissal shall be with prejudice.  See, e.g., Rozsa v. May Davis Group, Inc., 187 F. Supp.2d 123, 132 (S.D.N.Y. 2002) (dismissing action with prejudice where plaintiff failed in his "second effort to state a claim"), aff'd without op., 165 Fed. Appx. 892 (2nd Cir. 2006).

## IV.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant's motion to dismiss be and the same is hereby GRANTED and that this lawsuit be and the same is hereby DISMISSED with prejudice.

A judgment in accordance with this memorandum opinion and order shall be entered separately.

Done this 27th day of July, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The court, thus, need not examine the second Saucier inquiry.